**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **Civil Action No.** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) ) | |
| **KB STAFFING, LLC** | ) ) ) | |
| **Defendant.** | ) ) ) ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant KB Staffing, LLC ("KB Staffing" or Defendant) violated the ADA, as amended, by making health inquiries of applicants for employment in a manner inconsistent with and in violation of the ADA.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.    The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.    KB Staffing is a staffing company with its principal place of business in Winter Haven, Florida. At all relevant times, KB Staffing has continuously done business in Florida, and has continuously had at least fifteen employees.

5.    At all relevant times, KB Staffing has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6.    At all relevant times, KB Staffing has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

2

## ADMINISTRATIVE PROCEEDINGS

7.      More than thirty days prior to the institution of this lawsuit, Rose-Marie Porter filed a charge of discrimination with the Commission alleging violations of ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

8.      KB Staffing, KB Staffing, LLC, is based in Winter Haven, Florida and offers employment staffing services throughout Central Florida.

9.      KB Staffing employs varying amounts of employees at any given time, up to 250.

10.      Charging Party, Rose-Marie Porter ("Porter"), sought a human resources position that was listed through KB Staffing on August 31, 2012.

11.      Porter called KB Staffing and was told that she would need to come into the office in order to apply for the position.

12.      When Porter reported to the KB Staffing office on August 31, 2012 to apply, she was handed a paper application package that included a detailed medical questionnaire.

13.      The questionnaire, which KB Staffing required of all applicants seeking positions, contained numerous disability related questions.

14.      Porter refused to complete the questionnaire because she believed the questions violated the law and left it blank.

15.      At the time Porter submitted her mostly completed employment application, she had not received an offer of employment.

16.    A KB Staffing employee wrote on the application that Porter "refused to answer" and was told that, although she could not speak to the owner at the moment, she would be receiving a call for an interview.

17.    Porter never received a call for an interview and was not otherwise hired or placed by KB Staffing.

18.    About two weeks later, Porter called KB Staffing to request the status of her application for the human resources position.

19.    On September 14, 2012, Porter received a phone message from Kelly Braaten, the owner of KB Staffing, stating there were no positions available and that there had never been any human resource position available.

20.    Porter filed a charge of discrimination on December 13, 2012.

21.    Between at least 2011 through 2013, KB Staffing required all applicants for all positions to complete the medical questionnaire that Porter was required to complete as a condition of hire and/or placement with its employer-clients prior to any offer of employment.

22.    KB Staffing represented that it changed its application process and instituted a post-offer medical questionnaire in 2013. However, in some instances after the date KB Staffing represented its application process changed, it required applicants for positions to complete a detailed medical questionnaire .prior to any offer of employment.

23.    EEOC and those individuals subjected to KB Staffing's unlawful practices in connection with its obtaining medical information from applicants for employment have suffered damages.

## STATEMENT OF CLAIMS

24.     Paragraphs 1 through 23 are incorporated herein.

25.     Between at least 2011 and 2013, KB Staffing violated the Americans with Disabilities Act by making unlawful pre-employment inquiries in violation of 42 U.S.C. § 12112(d).

26.     Since 2013, KB Staffing has violated the Americans with Disabilities Act by making unlawful pre-employment inquiries in violation of 42 U.S.C. § 12112(d) in at least some instances.

27.     The effect of the practices complained of in paragraphs 8 through 23 above has been to deprive individuals of their rights secured by the ADA.

28.     The unlawful employment practices complained of in paragraphs 8 through 23 were intentionally done with malice and/or reckless indifference to federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination, including but not limited to subjecting job applicants to illegal pre-offer medical inquiries and refusal to hire applicants based on information unlawfully obtained through pre-offer inquiries and any additional employment practice which discriminates on the basis of disability or information obtained through unlawful medical inquiries;

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled applicants;

C.  Order Defendant to make whole the applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial;

D.  Order Defendants to make whole the applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial;

E.  Order Defendant to pay applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by punitive damages for the malicious and reckless conduct described in above, in amounts to be determined at trial;

F.  Grant such further relief as the Court deems necessary and proper in the public interest; and

G.  Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: May 03, 2016

Respectfully submitted,

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507

ROBERT WEISBERG
Regional Attorney

KIMBERLY A. CRUZ
Supervisory Trial Attorney

Brandi Davis
TRIAL COUNSEL
Trial Attorney
FL Bar No. 027668
U.S. Equal Employment
Opportunity Commission
Tampa Field Office
501 E Polk Street, Suite 1000
Tampa, Florida 33602
Tel: 813-202-7930
Fax: 813-228-2841