UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.:  8:16-cv-01088-JDW-MAP

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

 v.

KB STAFFING, LLC,

      Defendant.

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant KB STAFFING, LLC, by and through its undersigned counsel, responds to the Complaint and Demand for Jury Trial filed by Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted because neither Defendant nor any of its agents committed any unlawful practice, and neither Porter nor the Commission is entitled to any relief.

## SECOND DEFENSE

Defendant hereby responds to the correspondingly numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE

1.      Defendant admits that the Court has subject matter jurisdiction over this action.  Defendant denies any and all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits that venue is proper within the United States District Court for the Middle District of Florida, Tampa Division.  Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3.      Defendant denies that the Commission is authorized to bring this action. Defendant admits the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that it is a staffing company with its principal place of business in Winter Haven, Florida.  Defendant is without knowledge as to what the Commission refers to as "at all relevant times" and therefore denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is without knowledge as to what the Commission refers to as "at all relevant times" and therefore denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant is without knowledge as to what the Commission refers to as "at all relevant times" and therefore denies the allegations contained in Paragraph 6 of the Complaint.

## ADMINISTRATIVE PROCEEDINGS

7.     Defendant admits that Rose-Marie Porter filed a charge of discrimination with the Commission alleging a violation of the Americans with Disabilities Act ("ADA"), and subsequently settled that claim thereby giving up any right to further monetary recovery related to her claim.  Defendant denies that the conditions precedent to this lawsuit have been satisfied and denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

## STATEMENT OF FACTS

8.     Defendant admits that it is based in Winter Haven, Florida and offers employment staffing services in Polk County, Florida.

9.     Defendant admits that it employs varying amounts of employees at any given time.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant is without knowledge and therefore denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant admits that Ms. Porter was provided a package of hiring paperwork that included a medical questionnaire.  Defendant denies any and all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant is without knowledge and therefore denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that Porter did not receive an offer of employment. Defendant denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Porter was not hired by Defendant.  Defendant denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint and further states that despite the tremendous resources of the EEOC and an investigation that lasted over two years, the EEOC has yet to identify a single individual

other than Ms. Porter it can identify as having suffered any harm from Defendant's alleged unlawful practice.

## STATEMENT OF CLAIMS

24.     Defendant repeats and re-alleges its responses to Paragraphs 1 through 23 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that the Commission is entitled to any of the relief sought in its prayer for relief.

## JURY DEMAND

Defendant admits that the Commission has requested a trial by jury, but denies that it is entitled to such.

## DEFENSES

In asserting the following defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are the Commission's burden to prove.

Defendant reserves the right to amend its Answer and Defenses.

## SECOND DEFENSE

The Commission has failed to engage in good faith conciliation efforts as required by statute.

## THIRD DEFENSE

The Commission's Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination filed by Porter.

## FIFTH DEFENSE

To the extent that Porter and/or the Commission have failed to timely and properly exhaust all administrative remedies, her/its claims must fail.  All claims in the Complaint that did not accrue within the time frame prescribed by law are barred.

## SIXTH DEFENSE

Defendant states that there were legitimate, non-discriminatory reasons for its actions.  Defendant has neither taken nor ratified any action with discriminatory purpose or intent, but, rather, has acted in good faith.

## SEVENTH DEFENSE

Porter has released the claims alleged in the Complaint with respect to her.   The Commission has not identified any other individual who has been allegedly harmed and accordingly does not have standing to bring the instant cause of action.   As a

consequence, the EEOC has actual and/or constructive knowledge one or more of its claims is without factual or legal basis and is continuing to advance those claims expressly to oppress, harass, and/or needlessly cumulate this litigation.

## EIGHTH DEFENSE

Defendant, at all times, acted in good faith and without any discriminatory motives toward Porter or any other applicants for employment.

## NINTH DEFENSE

The Commission cannot establish any damages as a result of the conduct alleged in the Complaint.

## TENTH DEFENSE

The Commission's claims for punitive damages are barred because neither Defendant, nor any of its agents sufficiently high in the corporate hierarchy, committed any act with malice or reckless indifference to any applicant's protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## ELEVENTH DEFENSE

Some of all of the Commission's claims are barred by the statute of limitations.

## TWELFTH DEFENSE

The Court lacks subject matter jurisdiction over some or all of the Commission's claims.

## THIRTEENTH DEFENSE

The Commission has failed to state a claim for which monetary damages can be awarded.

### FOURTEENTH DEFENSE

Some or all of the Commission's claims are barred by collateral and/or judicial estoppel.

### FIFTEENTH DEFENSE

Some or all of the Commission's claims are barred by principles of res judicata.

### SIXTEENTH DEFENSE

The Commission's claims are barred by the doctrine of unclean hands.

### SEVENTEETH DEFENSE

The Commission's claims are barred to the extent that an individual on whose behalf it purports to act has failed to exhaust administrative remedies.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing defenses.

**DATED** this 7th day of September, 2016.

Respectfully submitted,

/s/ *Gretchen M. Lehman*
WILLIAM E. GROB
Florida Bar Number 0463124
E-mail: william.grob@ogletreedeakins.com
GRETCHEN M. LEHMAN
Florida Bar Number 046365
E-mail: gretchen.lehman@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:  813.289.1247
Facsimile: 813.289.6530

ATTORNEYS FOR DEFENDANT
KB STAFFING

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 7th day of September, 2016, I electronically

filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to all counsel of record.

     **I FURTHER CERTIFY** that to the best of my knowledge there are not any non-

CM/ECF participants that require notification of this response via U.S. Mail.


<u>*/s/ Gretchen M. Lehman*</u>
Gretchen M. Lehman

## **SERVICE LIST**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. KB STAFFING, LLC
*UNITED STATES DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
CASE NO.:  8:16-cv-01088-JDW-MAP

P. David Lopez
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Young Reams
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Robert Weisberg
Regional Attorney
Kimberly A. Cruz
Supervisory Trial Attorney
Brandi Davis
Trial Attorney
U.S. Equal Employment
Opportunity Commission
Tampa Field Office
501 E Polk Street, Suite 1000
Tampa, Florida 33602
Tel: 813.202.7930
Fax: 813.228.2841