UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                  Case No: 8:16-cv-01088-JDW-MAP

KB STAFFING, LLC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant KB Staffing's Motion for Judgment on the Pleadings (Dkt. 21), which Plaintiff opposes (Dkt. 23). The motion is **GRANTED** in part.

### I.    ALLEGATIONS OF EEOC COMPLAINT AND BACKGROUND

KB Staffing is a staffing company in Winter Haven, Florida. (Dkt. 1 ¶ 8). In August 2012, Rose-Marie Porter applied for a human resources position listed through KB Staffing. (Dkt. 1 ¶ 10). During the pre-employment application process, Porter was required to complete a medical questionnaire, which included disability related questions. (Dkt. 1 ¶ 12). She refused to complete the questionnaire, believing that they violated the law. (Dkt. 1 ¶ 14). The EEOC alleges that KB staffing refused to hire Porter because she failed to complete the questionnaire.[1] (Dkt. 1 ¶ 20).

Porter filed a charge of discrimination on December 13, 2012. (Dkt. 1 ¶ 20). In reponse to

---

[1] The EEOC contends that the Defendant's use of a pre-employment medical questionnaire violated 42 U.S.C. § 12112(d)(2) of the Americans with Disabilities Act ("ADA"), which prohibits an employer from conducting inquiries regarding a job applicant's disability and the severity of any existing disability. (Dkt. 1 ¶ 25).

her charge, the EEOC commenced a three-year, four-month investigation. During the course of the investigation, Porter filed a lawsuit against KB Staffing in state court. Her case was resolved and dismissed with prejudice on November 5, 2014, with Porter relinquishing any further right to recover monetary damages associated with her claims. (Dkt. 21 p.3).

The EEOC filed this action on May 3, 2016, purportedly on behalf of Porter and a class of individuals who applied for positions with KB Staffing. It alleges that from 2011 to 2013, KB Staffing required all applicants to complete the same pre-employment medical questionnaires. (Dkt. 1 ¶ 12). Further, the EEOC alleges that those applicants "suffered damages" as a result of KB Staffing's use of the pre-employment medical questionnaire. (Dkt. 1, ¶ 23).

## II. STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2011). All material facts alleged in the non-moving party's pleadings are accepted as true, and are viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Twombly*, 550 U.S. at 557.

## III. DISCUSSION

The EEOC does not argue that there are any material facts in dispute. And applying the above standards, the allegations in its Complaint are accepted as true. But "the tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

KB Staffing contends that the EEOC is required to allege actual damages suffered by the class members. KB Staffing argues that "[t]he EEOC's failure, and inability, to identify and plead any actual damages on behalf of the class of 'applicants' renders its class allegations insufficient as a matter of law." (Dkt. 21, at 2). The EEOC counters that "KB Staffing is not entitled to judgment on the pleadings where the facts in EEOC's complaint plausibly establish a violation of Section 102(d) of the [ADA]." (Dkt. 23 at 4).

Under the ADA, employers may not "make inquiries of a job applicant as to whether such applicant is an individual with a disability or as to the nature or severity of such disability." 42 U.S.C. § 12112(d)(2). A job applicant, whether or not disabled, must "show some damages "resulting form the prospective employer's violation of § 12112(d)(2)."[2] *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1216 (11th Cir. 2010).[3] The damages may be "emotional, pecuniary, or otherwise." *Russell v. City of Mobile Police Dep't*, 552 F. App'x 905, 907 (11th Cir. 2014). To state a plausible claim for relief, "damages liability under section 12112(d)(2)(A) must be based on something more than a mere violation of that provision" and "there must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise." *Armstrong*, 141 F.3d at 559.

---

[2] See, e.g., *Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 519–20 (3d Cir. 2001); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562–63 (5th Cir. 1998); *O'Neal v. City of New Albany*, 293 F.3d 998, 1007 (7th Cir. 2002); *Cossette v. Minn. Power & Light*, 188 F.3d 964, 971 (8th Cir. 1999); *Griffin v. Steeltek*, 160 F.3d 591, 595 (10th Cir. 1998).

[3] In *Harrison*, the applicant was actually denied employment because of responses to unlawful questions. The court found the denial of employment sufficient for injury, regardless of the status of the applicant.

While a denial of employment, as in Porter's case, will support a claim for compensatory damages, *Harrison, supra*, KB Staffing contends that the EEOC has failed to allege that any member of the class, other than Porter, suffered any such damages. KB Staffing points out that the EEOC's claim that the class members "suffered damages" is nothing more than a conclusion, and therefore does not meet the applicable pleading standards. KB Staffing is correct.

The EEOC, notwithstanding its lengthy investigation, alleges only a conclusion that "individuals subjected to KB Staffing's unlawful practices in connection with its obtaining medical information from applicants for employment have suffered damages." (Dkt. 1 ¶ 23). That allegation pleads no more than a conclusion consistent with KB Staffing's liability, and therefore falls "short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

The EEOC's contention that it need only plead a "short and plain statement of the claim showing that [he] is entitled to relief" under Rule 8(1)(3) does not fully appreciate that "[a] complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir.2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). More to the point, Rule 8 requires "more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 29 S.Ct. at 1949–50; *see also Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009). But that is what the conclusory allegation of damages in the Complaint does, at least with respect to the purported class members.

Because the EEOC fails to allege "enough facts to state a claim to relief that is plausible on its face" on behalf of the purported class members, the purported class claim is insufficient as a

4

matter of law. *Twombly*, 550 U.S. at 570; *Iqbal*. 556 U.S. at 678.[4] I agree with my colleague in the Northern District that these pleading standards are "fully applicable" to a motion for judgment on the pleadings. *Auto-Owners Ins. Co. v. Triple P Const., Inc.*, 2009 WL 1457114, at *2 (N.D. Fla. May 23, 2009). *See also Lowden v. T-Mobile USA Inc.*, 378 F. App'x 693, 694 (9th Cir. 2010).[5] Therefore, EEOC's claim brought on behalf of the class of applicants is due to be dismissed.[6]

There is a distinction, however, between the EEOC's purported claim on behalf of a class, and a claim asserted on its own. And the EEOC contends that it suffered injury sufficient to confer standing to bring its own claim.[7] In that instance, the EEOC does not "stand in the shoes" of individual claimants on whose behalf it brings claims. *EEOC v. Waffle House*, 534 U.S. 279, 297 (2002). Rather, it may assert a claim in its own right, deriving standing directly from the statute and its own "statutory enforcement authority." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 324 (1980).

The EEOC's "injury" was KB Staffing's use of a medical questionnaire that violated 42 U.S.C. § 12112(d)(2).[8] The alleged violation is redressable by way of injunctive relief, as the EEOC correctly argues. *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771

---

[4] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557)

[5] The parties agree that the same standard applicable to a motion to dismiss applies to a motion for judgment on the pleadings (Dkt. 21 at 4-5; Dkt. 23 at 4).

[6] Because the claims brought on behalf of the unnamed class of applicants will be dismissed, KB Staffing's contention that EEOC failed to conciliate need not be addressed.

[7] The EEOC's standing to bring suit derives from the ADA, and the EEOC's standing is irrespective of a class or class member's personal claims. *Gen. Tel. Co. of the NW., Inc. v. EEOC*, 446 U.S. 318, 324 (1980).

[8] *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010).

(2000).

The Complaint alleges that although "KB Staffing represented that it changed its application process and instituted a post-offer medical questionnaire in 2013 . . . in some instances after the date KB Staffing represented its application process changed, it required applicants for positions to complete a detailed medical questionnaire prior to any offer of employment." (Dkt. 1 ¶ 22). As a result, the EEOC seeks a "permanent injunction enjoining [KB Staffing] . . . from engaging in disability discrimination" including the pre-offer medical inquiries alleged to be used by KB Staffing since 2013. EEOC therefore states a plausible claim for relief.

Accordingly, Defendant KB Staffing's Motion For Judgment on the Pleadings (Dkt. 21) is **GRANTED,** to the extent that the claim brought by the EEOC on behalf of the purported class of applicants is **DISMISSED**. This motion is otherwise **DENIED**.

**DONE AND ORDERED** this 16th day of March, 2017.

                                                  **JAMES D. WHITTEMORE**
                                                  **United States District Judge**

Copies to: Counsel of Record