IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>)<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>KB STAFFING, LLC,  )<br>)<br>Defendant.  )<br>_____  ) | Case No. 8:16-CV-01088-JDW-MAP |

**EEOC'S REPLY IN SUPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Contrary to KB Staffing's assertions (D.E. # 42), leave to amend is proper because there was no final judgment entered, EEOC's timely proposed amended complaint (D.E. #39-1) is not futile and meets the *Iqbal/Twombly* standard, and KB Staffing will not be prejudiced.

**Docket Entry #33 is Not a Final Judgment.** The Court's Order is not a final judgment, but rather an order dismissing EEOC's claim for relief for the applicant class as insufficiently pled. *See* D.E. #33, p. 6. Where a party brings a successful Motion for Judgment on the Pleadings based on failure to state a claim, the proper ruling is dismissal of the claims, rather than a judgment. *See e.g., Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1281-1282 (D. Kan. 1997) (declining on a 12(c) motion to grant a judgment on insufficiently pled claims and permitting plaintiff to amend complaint). To hold otherwise would undermine Federal Rule 12(b)(6) by allowing defendants to wait until pleadings closed to file a 12(c) motion for a final judgment on the same basis that would have permitted only a dismissal under

1

12(b)(6). *Id.* Thus, courts decline to grant final judgments where Rule 12(c) motions are brought on procedural grounds and, instead, dismiss those claims. *See e.g., Amersbach v. Cleveland*, 598 F.2d 1003 (6th Cir. 1979) ("[t]he mere fact the motion was couched in the terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal"); *Kelly v. Kelly*, 911 F. Supp. 519 (M.D. Fla. 1995) (treating 12(c) motion for lack of jurisdiction as motion to dismiss and dismissing complaint); *see also* 5C Wright & Miller, *Federal Practice and Procedure* § 1369 (3d ed. 2004) ("courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner."). Here, the Court dismissed EEOC's claim on behalf of the applicant class finding a pleading defect under the *Iqbal/Twombly* standard and, as a result, leave to amend is appropriate.

**Liberal Amendment under *Foman* is the Appropriate Analysis.** The Supreme Court and Eleventh Circuit precedent allow liberal amendment after dismissal. *Foman v. Davis*, 371 U.S. 178 (1962). In *Czeremcha v. Int'l Assoc. of Machinists & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984), the Eleventh Circuit held that, while the right to amend under Federal Rule 15(a)(1) ends when a complaint is dismissed, "the plaintiff [] may still move the Court for leave to amend, and such amendments should be liberally granted." The Eleventh Circuit then directed the district court to consider the request to amend applying the *Foman* factors. *Id.* While a plaintiff may *also* seek relief under Federal Rules of Civil Procedure 59 or 60, this is not the sole avenue for relief as KB Staffing suggests. *See id.* (emphasis added). *Czeremcha* remains controlling precedent in this Circuit. *See e.g., Freeman v. Rice,* 399 F. Appx. 540, 544 (11th Cir. 2010)(applying *Czeremcha* rule).

Furthermore, "[g]enerally, an order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment." *Van Pyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994); s*ee also, Rec. Design & Construct. Inc. v. Wiss, Janney, Estner Assocs.*, No. 1:10-cv-21549, 2011 U.S. Dist. LEXIS 128064, *6-7 (S.D.Fla June 20, 2011) (citing *Czeremcha* for the proposition that "a plaintiffs right to amend survives unless the district court has clearly indicated that an amendment is not possible or that the dismissal of the complaint also constitutes a dismissal of the action."). Thus, *Czeremecha* applies since the Order clearly dismisses only the EEOC's claim seeking damages on behalf of an applicant class (but not the EEOC's claim for injunctive relief) and did not indicate that the claims could not be saved by amendment. *See* D.E. # 33. KB Staffing's reliance on *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) is thus inapposite because it addresses a merits adjudication and, as KB Staffing tacitly admits by arguing it is a prevailing party having allegedly prevailed on procedural grounds, *see* D.E. # 38 pp. 23-24, there was no adjudication on the merits of EEOC's claim here.

**EEOC's Motion is Timely.** KB Staffing's suggestion that EEOC should have sought leave to amend in its Response to the Motion for Judgment of Pleadings, *see* D.E. #43 at p. 2 at #5, has been rejected by the Eleventh Circuit, which instead requires that such a request be raised in a separate motion. *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). Further, because the Case Management Order incorporates Middle District Local Rule 3.05(c)(2)(E), which the Eleventh Circuit has noted to be in direct conflict with the permissive amendment standards

that have been set by the Federal Rules and the Eleventh Circuit, it should not operate as a barrier to amendment here. *See Tampa Bay Water v. HDR Eng'g, Inc.,* 731 F.3d 1171, 1186 (11th Cir. 2013) (Local Rule 3.05(c)(2)(E) is in tension with the Federal rules, but declining to invalidate the Rule where the district court applied the correct federal standard).

**The Amendment is Not Futile.** As EEOC has more fully argued in its opening brief, s*ee* D.E. # 39 at 7-8, EEOC may seek damages on behalf of the victim class without identifying each individual in the Complaint. *See Gen. Tel. Co. v. E.E.O.C.,* 446 U.S. 318, 320-321 (1980)(EEOC can pursue class claims without Rule 23 certification after investigating four individual charges and concluding that discrimination was widespread). KB Staffing's reliance on *Russell v. City of Mobile Police Dep't*, *Harrison v. Benchmark Elecs. Huntsville, Inc.* and *Armstrong v. Turner Indus., Inc.,* is thus misplaced as these are individual employment actions. Even its citation to *EEOC v. Dillard's*, No. 08-1780, 2011 WL 2784516, at *6 (S.D. Cal. July 14, 2011) is misleading as the court there permitted EEOC to pursue claims of those victims not identified in the investigation, stating "EEOC ... is not required to identify every potential class member" before filing suit. KB Staffing has cited no case limiting *EEOC's* ability to do so. In any event, EEOC has indeed pled a plausible factual basis for "damages -- emotional, pecuniary, or otherwise..." *See* D.E. # 39-1.

**No Prejudice.** KB Staffing's argument that it is prejudiced because it filed an early summary judgment motion is specious. KB Staffing chose to file summary judgment on the narrow issue of EEOC's conciliation prerequisite, *see* D.E. #44, and not on liability (the existence and application of policy at issue), which would be litigated for both EEOC's request for injunctive relief and the damages claim EEOC seeks to amend. Thus, the scope of the

4

litigation would not change. Furthermore, any delay or prejudice in KB Staffing receiving claimant information is due to its own inaction, rather than delay or failing by EEOC. Any delay in adding additional detail regarding claimant damages to the Complaint is due to KB Staffing's failure to seek an earlier clarification of the damages claim. *See Bushnell Corp*., 973 F. Supp. 1276 at 1282 (finding no prejudice where defendant could have earlier clarified claims by filing a Fed. R. Civ. P 12(b)(6) or 12(e)) motion). KB Staffing could obtain claimant identification through the discovery process, but to date has refused to engage in it.

For the reasons stated above, the Court should permit EEOC to amend its complaint.

Dated: May 5, 2017                Respectfully submitted,

*/s/ Brandi L. Meredith*
BRANDI L. MEREDITH
Trial Attorney (Florida Bar No. 027668)
Equal Employment Opportunity Commission
501 E. Polk Street, Suite 1000
Tampa, Florida 33602
Tel: (813) 202-7930
Fax: (813) 228-2841
Brandi.Meredith@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

William E. Grob          E-mail: william.grob@ogletreedeakins.com
Gretchen M. Lehman       E-mail: gretchen.lehman@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Tel: (813) 289-1247
Fax: (813) 289-6530
*ATTORNEYS FOR DEFENDANT KB STAFFING, LLC*

Dated: May 5, 2017        */s/ Brandi L. Meredith*
                          BRANDI L. MEREDITH