IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL ) <br> EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>                 Plaintiff, ) <br>        v. ) <br> ) <br> KB STAFFING, LLC, ) <br> ) <br>                 Defendant. ) <br> _____ ) | Case No. 8:16-CV-01088-JDW-MAP |

**EEOC's RESPONSE IN OPPOSITION TO DEFENDANT KB STAFFING'S
MOTION TO TEMPORARILY STAY DISCOVERY PENDING THE COURT'S
RULING ON ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's Order permitting EEOC to respond (D.E. #66), and M.D. Fla. L.R. 3.01, Plaintiff Equal Employment Opportunity Commission ("EEOC") hereby responds in opposition to Defendant KB Staffing, LLC's ("KBS") Motion to Temporarily Stay Discovery Pending the Court's Ruling on its Motion for Summary Judgment, D.E. #57. As demonstrated below, once KBS's weak arguments built on false premises are deconstructed, there is no basis to grant the relief it seeks, and Defendant's motion should be denied.

**I. Overview.**

This is KBS's *second* motion to stay discovery. The first motion, premised on the pendency of its earlier Motion for Judgment on the Pleadings, was denied. *See* D.E. #27, #30, #31. Stays of discovery like the ones KBS requests are generally disfavored and, for this reason, are rarely granted. *See* Middle District Discovery (2015), at 5. In this District, "[n]ormally…the pendency of a…motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion." *Id.* at 5-6. "However,

unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.* at 6.  Further, on the rare occasion where the Court exercises its discretion to grant a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), it may **only** do so upon a showing of good cause and reasonableness by the moving party. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Where a dispositive pending motion forms the foundation of the movant's good cause, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). To do so, the Court must take a "preliminary peek" at the motion to determine whether it appears "clearly meritorious and truly case-dispositive." *Id.* (citing *Feldman*, 176 F.R.D. at 652-53).  Of course, a request to stay all discovery "is rarely appropriate where the resolution of the motion will not dispose of the entire case." *Feldman*, 176 F.R.D. at 652 (citing *Lugo v. Alvarado*, 819 F.2d 5 (1st Cir. 1987)). As demonstrated below, KB Staffing's Motion should be denied.

**II. A Preliminary Peek at KBS's Motion for Summary Judgment Reveals that it is Neither Dispositive Nor Meritorious.**

**A. KBS's Motion for Summary Judgment is Not Case-Dispositive.**

KBS's motion for summary judgment, which focuses on EEOC's administrative pre-requisites and not on the merits of EEOC's ADA claims, is not a case-dispositive motion, as KBS suggests. *See, e.g.,* D.E. #57, p. 2 ("If the Court grants KB Staffing's Motion for Summary Judgment, this case is over and there will be no more need for expensive and burdensome discovery."); *see also* D.E. #57, p. 7.  As the Supreme Court recently made clear in *Mach Mining, LLC v. EEOC*, should the Court find that EEOC failed to conciliate, the

appropriate remedy is to stay the litigation to allow for conciliation to take place, not to dismiss the lawsuit. 135 S.Ct. 1645, 1656 (2015) ("Should the court find in favor of the employer, the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance."), *citing* § 2000e–5(f)(1) (authorizing a stay of a Title VII action for that purpose).[1] Accordingly, should this Court find that EEOC's effort at conciliation in this case is inconsistent with the requirements of *Mach Mining*, the appropriate remedy would be to stay the proceedings to allow the parties to conciliate, and not dismissal of the case with prejudice, as suggested by KBS. *See* 135 S.Ct. at 1656.

The reasoning of *Mach Mining* applies to KBS's arguments regarding the sufficiency of EEOC's investigation as well. Assuming, *arguendo*, that this Court finds that EEOC failed to investigate, the appropriate remedy is the same: "to order the EEOC to undertake the mandated efforts to obtain voluntary compliance," not dismissal. *Id.* at 1656.[2] Using *Mach Mining*'s guidance, "the proper scope of judicial review" of the EEOC's pre-suit investigation should "match[] the terms of Title VII's" provisions concerning the

---

[1] The Americans with Disabilities Act, 42 U.S.C. § 12117(a) incorporates this provision of Title VII. *See* 42 U.S.C. § 12117(a) (The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.").

[2] This is particularly true in light of EEOC's significant investigation which KBS acknowledges occurred. *See* D.E. # 38 at pp. 5-6 (KB Staffing states: "[d]uring this investigation, the EEOC made multiple, broad information requests, conducted depositions, conducted disruptive interviews, and moved for enforcement of an administrative subpoena for records" and cites EEOC's enforcement of the subpoena for information related to all applicants).

investigation. *Id.* at 1655. The ADA, which was modeled after Title VII and incorporates its powers, procedures and remedies, requires the EEOC to conduct "an investigation" when it receives a charge of an unlawful employment practice, but it does not mandate any particular investigative techniques or standards. *See* 42 U.S.C. §12117(a) ("The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this chapter, or regulations promulgated under section 12116 of this title, concerning employment.").

If the EEOC "determines after [its] investigation that there is reasonable cause to believe that the charge is true," then the EEOC is required to issue a "reasonable cause" determination that "properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Mach Mining,* 135 S.Ct. at 1656. Ultimately, the inquiry is "whether the EEOC conducted an investigation, but not the sufficiency of an investigation." *EEOC v. Sterling Jewelers, Inc.,* 801 F.3d 96, 98 (2d Cir. 2015); *see also EEOC v. Autozone, Inc.,* 141 F. Supp. 3d 912 (N.D. Ill. 2015) (holding that consistent with *Mach Mining,* the Court cannot inquire into the sufficiency of EEOC's investigation since Title VII requires only that EEOC conduct an investigation, but "does not mandate any particular investigative techniques or standards.").

Given the Supreme Court's holding in *Mach Mining* that dismissal is an inappropriate sanction for a failure to conciliate (a textual requirement of Title VII/ADA), dismissal with prejudice is certainly unwarranted for a failure to investigate under the ADA, also a textual

4

requirement. Accordingly, because EEOC's administrative processes here are consistent both with *Mach Mining* and EEOC's broad authority to seek relief for violations of federal anti-discrimination laws without class certification as set forth in *See Gen. Tel. Gen. Tel. Co. of the NW. v. EEOC*, 446 U.S. 318, 333-34, (1980), a stay of the action to remedy incomplete administrative processes, and not dismissal with prejudice, would be the appropriate remedy should this Court find KBS's Motion for Summary Judgment meritorious.

### B. KBS's Motion for Summary Judgment is Not Meritorious.

#### 1. EEOC Met *Mach Mining*'s Requirements for Conciliation.

After issuing the Letter of Determination, and before issuing a Notice of Conciliation Failure, EEOC engaged in written and oral communications with KB Staffing to provide KB Staffing with the opportunity to remedy the discriminatory policy described. *See* D.E. #50-1, ¶10. These communications did not result in a conciliation agreement that was acceptable to the Commission. *Id.* On October 20, 2015, issued KB Staffing a Notice of Conciliation Failure. *Id*. at ¶ 12; Attachment 4.

Simply put, this evidence satisfies the two-step process required for EEOC to meet its conciliation obligation. *See Mach Mining, LLC v. EEOC,* 135 S. Ct. at 1655-56. KBS's request that this Court engage in the sort of "good faith" inquiry previously required in this Circuit under *EEOC v. Asplundh Tree Expert Co,* 240 F.3d 1256, 129 (11th Cir. 2003) is now foreclosed by *Mach Mining*. *See id.* at 1653-1654 (rejecting analogy to the good faith required by the NLRB process)*; see also Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1199 (9th Cir. 2016) (noting that *Mach Mining* rejected notion that EEOC had an obligation to negotiate in good faith); *EEOC v. Dimensions Healthcare Sys***,** 188 F. Supp. 3d

517, 520 (D.Md. 2016) ("any such argument was explicitly foreclosed"); *EEOC v. Blinded Veterans Ass'n*, 128 F. Supp. 3d 33, 44 (D.D.C. 2015) ("[The employer's] invitation for the Court to place itself in the shoes of the negotiating parties, to assess how particular proposals should have been understood, . . . and to evaluate whether the EEOC ended the conciliation process [too] abruptly vastly exceeds the type of review contemplated by Mach Mining."); *R.I. Comm'n, for Human Rights v. Graul*, 120 F. Supp. 3d 110, 121 n.15 (D.R.I. 2015) ("[I]t is crystal clear that… the 'kind and extent of [conciliation] discussions' are solely within the discretion of the agency, not subject to judicial scrutiny."); *EEOC v. Lawler Foods*, Inc., No. 4:14-CV-03588, 2015 WL 8457816, at *3 n.1 (S.D. Tex. Dec. 4, 2015) ("*Mach Mining* simply leaves no room for judicial review of the reasonableness and flexibility of the EEOC's conciliatory communications."). As a result, KBS's Motion for Summary Judgment on this basis is not meritorious.

### 2. This Court Should Not Review the Sufficiency of the EEOC's Administrative Investigation.

Several courts in this jurisdiction have recognized that EEOC's administrative investigation is not subject to judicial scrutiny. *See, e.g., Marshall v. Sun Oil,* 605 F.2d 1331, 1337-1339 (5th Cir. 1979) (holding, in the context of the ADEA, that the Secretary must only conduct investigations sufficient to provide a reasonable basis on which to conclude that the Act was violated); *Barr v. One Touch Direct,* No. 8:15-cv-2391-T-33MAP, 2016 US Dist. LEXIS 50979, at *6 (M.D. Fla. April 15, 2016) (declining to review sufficiency of EEOC investigation because such a review is "precluded by well-settled case law" and collecting cases); *EEOC v. W. Customer Mgmt. Grp., LLC,* No. 3:10CV378/MCR/CJK, 2014 WL 12479614, at *1 (N.D. Fla. Jan. 21, 2014) (noting that "there is no question a defendant may

not litigate the nature or sufficiency of an EEOC investigation, the purpose of which is to simply notify the employer of the EEOC's findings and provide a basis for later conciliation proceedings, not to adjudicate rights and liabilities."); *EEOC v. Jacksonville Shipyards, Inc.*, 696 F. Supp. 1438, 1441 (M.D. Fla. 1988) (EEOC's reasonable cause determination is not an adjudication of rights and liabilities; "it is a nonadversary proceeding designed to notify an employer of EEOC's findings which is not reviewable in court and not binding on the employer") *citing EEOC v. KECO Indus., Inc.,* 748 F.2d 1097, 1100–01 (6th Cir. 1984). These courts recognize that the subsequent trial of a charge pursued by EEOC is always *de novo. See, e.g., Jacksonville Shipyards, Inc.*, 696 F. Supp. at 1441.[3]

Indeed, several recent decisions, applying the reasoning of *Mach Mining,* make clear that the Court's review of EEOC's investigation is only to determine whether one occurred. *See,*

---

[3] Numerous courts outside this jurisdiction have also found that EEOC's investigation is not subject to judicial scrutiny. *See, e.g., EEOC v. Sterling Jewelers, Inc.*, 801 F.3d 96, 101 (2d Cir. 2015) (stating, "courts may not review the *sufficiency* of an investigation..."); *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005) ("The existence of probable cause [for the EEOC] to sue is generally ... not judicially reviewable."); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *EEOC v. Dial*, 156 F. Supp. 2d 930, 938-39 (N.D. Ill. 2001).

EEOC acknowledges that the Court in *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 676 (8th Cir. 2012) found that EEOC did not reasonably investigate class allegations of sexual harassment during its administrative investigation, but this case is an outlier and not binding in our jurisdiction. Further, KBS's citation to *EEOC v. Bloomberg L.P.,* 751 F. Supp. 2d 628, 642 (S.D.N.Y. 2010) is misplaced because, to the extent the case analyzes EEOC's conciliation obligation, was decided before *Mach Mining*. Further, the *Bloomberg* court explicitly rejected the employer's challenge to the sufficiency of the investigation. *Bloomberg,* 751 F. Supp. 2d at 636 ("Bloomberg also argues that the depth of the EEOC's investigation of retaliation charges was insufficient to support the eventual lawsuit filed. The Court rejects this argument" *citing EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005) for the proposition that "[t]he existence of probable cause [for the EEOC] to sue is generally ... not judicially reviewable.")

*e.g., EEOC v. Bass Pro Outdoor World, Inc.,* 826 F.3d 791, 805-806 (5th Cir. 2016), *reh'g en banc den'd,* No. 15-20078, 2017 WL 1540853 (5th Cir. Apr. 28, 2017) ("Title VII 'does not prescribe the manner' by which the EEOC investigates, and 'the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency.' . . . Since the EEOC is authorized to bring a pattern or practice suit under Section 706, the fact that it focused on pattern or practice evidence instead of individual claims during the investigation and conciliation process is of no consequence. Our review is only to determine whether the EEOC engaged in these steps, which it did."); *EEOC v. Sterling Jewelers, Inc.,* 801 F.3d 96, 98 (2d Cir. 2015) (considering *Mach Mining* and holding that the standard of review is "whether the EEOC conducted an investigation, but not the sufficiency of an investigation."); *EEOC v. Autozone, Inc.,* 141 F. Supp. 3d 912 (N.D. Ill. 2015) (holding that consistent with *Mach Mining,* the Court cannot inquire into the sufficiency of EEOC's investigation since Title VII requires only that EEOC conduct an investigation, but "does not mandate any particular investigative techniques or standards."). Because it cannot be disputed that EEOC conducted an administrative investigation in this case, KBS's Motion for Summary Judgment seeking judicial review of the sufficiency of EEOC's administrative investigation is not meritorious.

### 3. EEOC Was Not Required to Investigate, Find Cause, or Conciliate on an Individual Basis.

To the extent that KBS's Motion for Summary Judgment is based on the contention that EEOC was required to–but did not–investigate and conciliate each individual class member's ADA claim during the administrative process, this position is without merit as well.

EEOC is not required to identify all aggrieved individuals by name, either during the investigation or conciliation, where EEOC has defined the class of individuals affected by the unlawful employment practice during the pre-suit process. *See e.g., Mach Mining, LLC v. EEOC,* 135 S. Ct. 1645, 1656 (2015) ("Such notice properly describes…which employees (**or what class of employees**) have suffered") (emphasis added). This is consistent with EEOC's broad authority to seek relief for violations of federal anti-discrimination laws without class certification. *See Gen. Tel. Co. of the NW v. EEOC,* 446 U.S. 318, 333–34 (1980).

"What matters is that the EEOC served [the employer] notice that it was investigating possible discrimination against a class …. " *Dinkins v. Charoen Pokphand USA, Inc.,* 133 F.Supp. 2d 1237, 1245–46 (M.D. Ala. 2001) (EEOC need not "conciliate each individual's Title VII claim separately); *see also EEOC v. Rhone–Poulenc, Inc.,* 876 F.2d 16, 17 (3d Cir. 1989) (stating that the EEOC is not required to provide documentation of attempts to conciliate on behalf of each potential claimant in an employment class action); *EEOC v. Jillian's of Indianapolis,* 279 F.Supp.2d 974, 983 (S.D. Ind. 2003) (stating that the EEOC could proceed on behalf of a local class without naming individual members because the employer had sufficient notice that the EEOC was investigating a local class); *EEOC v. Dillard's Inc.,* 2011 WL 2784516, *6–8 (S.D. Cal. 2011) (stating that the EEOC is not required to identify potential class members and limiting EEOC to a local class because the EEOC limited its presuit investigation efforts to one store location).

Here, KBS actually had ***more than the ordinary notice*** of "which employees (or what class of employees) have suffered" in this case. *First*, the charge itself refers to a class of

applicants. *See* D.E. #51-1, p. 7 ("The policy of asking medical history questions unrelated to the job, prior to any job offer, could affect numerous applicants.").

*Second,* KBS's resistance to the investigation forced EEOC to enforce an administrative subpoena for relevant information pertinent to this investigation in Court. *See EEOC v. KB Staffing, LLC*, No. 8:14-MC-41-T-30AEP, 2014 WL 12628619, at *1 (M.D. Fla. Aug. 28, 2014) ("EEOC issued its administrative subpoena seeking (1) a copy of the health questionnaires for any and all applicants for the three years preceding the charge and (2) health questionnaires for any and all current employees…"). KBS's arguments then seem familiar today:

> … KB Staffing contends that the administrative subpoena is overbroad and greatly exceeds the EEOC's jurisdictional powers to request documents, as the underlying claim serving as the basis for the EEOC's investigation has been resolved and KB Staffing ceased use of the alleged discriminatory practice. Additionally, KB Staffing contends that no other applicants or employees complained of discrimination and the Charging Party did not assert her claim on behalf of a class, so the documents requested by the EEOC bear no relevance to the claim identified in the charge. Furthermore, to the extent that any related claims exist to the claim set forth in the charge under investigation, KB Staffing contends that the administrative subpoena is overbroad as it seeks information beyond the statute of limitations for claims of many of those applicants or employees. As a result, KB Staffing asserts that the Court should deny the EEOC's request to enforce its administrative subpoena.

*KB Staffing, LLC*, 2014 WL 12628619, at *2. The Court rejected these arguments, holding: "the administrative subpoena seeks information relevant to a **potential pattern or practice** of hiring discrimination by KB Staffing on the basis of disability or perceived disability. Given the Charging Party's statements in the charge and KB Staffing's admission that it required all candidates for employment to complete a health questionnaire prior to employment, the requested documents are **relevant to the EEOC's investigation and may**

**shed light upon systemic discrimination employed by KB Staffing in its hiring decisions during the relevant time period**." *Id.* at *4. As demonstrated herein, KBS had ample notice during and after the investigation of the scope and content of EEOC's investigation.

*Third,* and following the receipt of information responsive to EEOC's administrative subpoena, EEOC's Letter of Determination explicitly provides as follows:

> Examination of the evidence obtained during the investigation of this charge reveals that the Respondent **subjected the Charging Party and other individuals to an illegal medical inquiry through its required health questionnaire prior to an offer of employment having been made to the job applicant**. Based on the above, I have determined that the evidence obtained during the investigation establishes there is **reasonable cause to believe that Respondent's policy of requiring applicants to submit to medical inquiries by completing health questionnaires prior to receiving an offer of employment, which has been in place since at least 2012, is in violation of the ADAAA**.

*See* D.E. #51-1, pp. 11-12 (emphasis added). Accordingly, KBS was explicitly on notice that EEOC's investigative finding determined that KBS's pre-offer medical inquiry policy, to which Charging Party and other individuals were subjected since at least 2012, violated the ADA, as amended.

Courts reject the notion that EEOC needs to individually identify each and every aggrieved individual, particularly where, as here, they have been victims of the same discriminatory policy. *See e.g., Ariz.. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1200-1201 (9th Cir. 2016) (rejecting the district court's concerns that EEOC identified additional aggrieved employees during discovery as inconsistent with *Mach Mining* since EEOC identified the class of employees affected in the Letter of Determination and conciliated); *EEOC v. FedEx Ground Package Sys.*, 158 F. Supp. 3d 393, 404-405 (W.D. Penn. 2016) (holding EEOC could proceed on ADA claim for class of employees subjected to

11

discriminatory policy and add aggrieved individuals affected by the policy during discovery); *EEOC v. Celadon Trucking Servs., Inc.*, No. 1:12-CV-00275-SEB, 2015 WL 3961180, at *31 (S.D. Ind. June 30, 2015) (rejecting the employer's argument that EEOC failed to conciliate for the class members added after the litigation began, because they were allegedly victims of the same application policy identified in Letter of Determination). Accordingly, KBS's red herring–that EEOC was required to have named all individual victims for whom it seeks relief in this litigation during its administrative investigation and conciliated for each on an individual basis–must be dismissed for what it is—wrong.

### 4. KBS's Repeated Argument that EEOC's Request for Injunctive Relief is Moot is Neither Case Dispositive Nor Meritorious.

A stay of discovery pending a ruling on a motion for summary judgment is inappropriate where the movant relies on arguments that cannot be refuted without discovery, unless the court has sufficient information before it upon which to rule, and further discovery is not likely to produce a genuine issue of material fact. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

Here, KBS states–in a response to an EEOC motion for extension of time filed after its summary judgment motion—that it is *not* seeking summary judgment on mootness grounds at this time. *See* D.E. #44 at p.6 and n.1. It nevertheless repeatedly asserts throughout its motion that EEOC's case is moot based on its untested representation that the company abandoned the practice of conducting pre-offer medical inquiries–***a practice it denies even***

*occurred*.[4] *See* D.E. #38 at pp. 19-20; *Compare* D.E. #1 (Compl.), ¶¶13, 21-22, *with* D.E. #15 (Answer), ¶¶13, 21-22.

Notwithstanding the averments in KBS's affidavits, a private litigant's voluntary cessation of an illegal practice does not moot a federal civil rights case. *See, e.g., Sheely v. MRI Radiology Network P.A.*, 505 F.3d 1173, 1183-1184 (11th Cir. 2007). To establish mootness, a private litigant must demonstrate that: (1) the practice is not likely to reoccur; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *See id.*; *Reich v. Occup. Safety & Health Review Comm'n*, 102 F.3d 1200, 1201 (11th Cir. 1997) (*citing Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)). Only "when both conditions are satisfied" is a case moot "because neither party has a legally cognizable interest in the final determination." *Davis*, 440 U.S. at 631. The Eleventh Circuit in *Sheely* articulated the factors to consider in deciding mootness, namely, whether: (1) the conduct was isolated or unintentional, rather than a continuing deliberate practice; (2) the cessation of the offending conduct was motivated by a genuine change of heart; and (3) in ceasing the conduct, the defendant has acknowledged liability. 505 F.3d at 1185.

To be sure, KBS has *denied* rather than *acknowledged* liability in this case and has not addressed in any detail the factors required to demonstrate mootness in this Circuit. Nevertheless, given KBS's averments, EEOC is entitled to discovery on same. *See, e.g., Bloedorn v. Keel*, No. 6:09–cv–55, 2012 WL 777318, *3 (S.D. Ga. Mar. 6, 2012) (reversing

---

[4] KBS's arguments pose significant concerns. First, they rely heavily and inappropriately on confidential conciliation and/or compromise negotiations. *See* D.E. #40 (EEOC's Motion to Strike) Second, KBS relies on sworn conclusory statements made by the very individual (its corporate president, Kelly Braaten) it refused to produce for deposition. *See* D.E. #55 (noting EEOC first sought to schedule Braaten's deposition in April, 2017).

Magistrate Judge and holding that plaintiff was entitled to discovery pertaining to defendant's mootness argument); *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1267 (11th Cir. 2010) (analyzing mootness, court noted it could not determine if the Board's decision was likely to endure where it acted in secrecy, behind closed doors, and did not disclose any basis for its decision.).

### III. KBS Has Not Demonstrated Good Cause or Reasonableness to Justify a Stay of Discovery in this Case.

#### A. The Federal Rules of Civil Procedure Govern Discovery, Not EEOC's Administrative Investigation.

A motion to stay discovery should only be granted on rare occasions "upon a specific showing of prejudice or undue burden." *See* Middle District Discovery (2015), at 5-6. Any argument that the EEOC's administrative investigation ameliorates or limits the need for discovery is simply without merit as an EEOC lawsuit is a trial *de novo*, and parties are entitled to the discovery available under the Federal Rules of Civil Procedure. *See e.g., Crawford v. Southern Ry. Co.,* No. C79-1603A, 1980 U.S. Dist. LEXIS 12230, at *6-7 (N.D. Ga. Jun. 17, 1980) (rejecting that discovery was limited because the matters were subject to an investigation by the EEOC).

#### B. The Scope of Discovery is Not Limited by the Court's Order Finding EEOC Did Not Sufficiently Plead Damages for the Applicant Class.

KBS's reliance on this Court's earlier ruling granting in part KBS's Motion for Judgment on the Pleadings to unilaterally limit the scope of discovery is without foundation. KBS's citation to *EEOC v. CRST Van Expedited, Inc.* in support of its assertion at D.E. #57, p. 9 that "[h]ere, the EEOC is engaging in exactly the type of prejudicial conduct envisioned by the *Chudasama* court. The EEOC's class-based claims were dismissed, largely because

the EEOC did not meet its duty of investigating and conciliating the claims prior to bringing suit" is pure misrepresentation of the Court's Order in this case.

On March 16, 2017, the Court granted in part KB Staffing's Motion for Judgment on the Pleadings, dismissing that portion of EEOC's claim seeking relief for an unnamed class of applicants and finding that EEOC had failed to plead with sufficient detail its allegations of damages for those applicants. D.E. #33 at 4-5. The Court concluded that Judgment on the Pleadings was appropriate under the pleadings standards set forth in *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft* v. *Iqbal,* 556 U.S. 662, 678 (2009. This conclusion was based on the Court's analysis of private cases brought by individual employees under the Americans with Disabilities Act indicating that, "[t]o state a plausible claim for relief," damages liability under section 12112(d)(2)(A) must be based on something more than a mere violation of that provision" and "there must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise." *Id.* at 3. EEOC's motion seeking leave to amend the complaint remains pending. *See* D.E. #39. Contrary to KBS's assertions at page 9 of its Motion, Docket Entry #33 does not even cite *EEOC. v. CRST Van Expedited, Inc.*, 679 F.3d 657, 676 (8th Cir. 2012), let alone *rely* on it.

Substantive discovery is neither precluded nor limited in the manner KBS suggests by the Court's ruling on the Motion of Judgment on the Pleadings and, as set forth above in Section II(A), will not be rendered unnecessary following the Court's ruling on KBS's motion for summary judgment based on administrative prerequisites.

### C. A Stay Will Work Severe Prejudice Upon EEOC's Ability to Obtain the Discovery Necessary to Prove its Case.

The EEOC will be prejudiced by any additional delay that would shorten the already limited time remaining for EEOC to conduct necessary discovery. Indeed, the current discovery deadline is August 8, 2017, *see* D.E. # 22, and Defendant's proposed stay would effectively preclude the EEOC from obtaining any discovery on the merits of this case. *See, e.g., Centennial Bank v. ServisFirst Bank, Inc.,* No. 8:16-cv-88-T-36JSS, 2016 WL 7423139, at *2 (M.D. Fla. Mar. 23, 2016) (finding a stay would unfairly prevent plaintiff from prosecuting its case in a timely manner).

To date, EEOC has not received any substantive responses to its written discovery requests, served on December 9, 2016. *See* D.E. #41-1 at ¶6. The EEOC must again pursue appropriate and complete responses to its written discovery requests, about which it has long sought to confer. This information is necessary to prosecute the case and to demonstrate the scope of the ADA violation that KBS has committed. *Id.* Much of the information sought goes directly to the hiring and interview process implemented by KBS, including the medical questionnaire, and how that questionnaire affected the placement of applicants at KBS's clients. In addition to the already-served written discovery, the EEOC has only sought to depose two key witnesses at this time: KB Staffing's owner/president, Kelly Braaten, and office manager Yuliana Hernandez. Both have knowledge of KB Staffing's use of the medical questionnaire, hiring and placement practices. KBS has resisted these two depositions. *See* D.E. #55; D.E. #61.

Moreover, it is not an established fact that KBS "no longer" uses the questionnaire. EEOC specifically alleged in its Complaint that:

> KB Staffing represented that it changed its application process and instituted a post-offer medical questionnaire in 2013. However, in some instances after the

date KB Staffing represented its application process changed, it required applicants for positions to complete a detailed medical questionnaire prior to any offer of employment."

*See* D.E. #1, ¶22; D.E. #39-1, Proposed Amended Complaint, ¶25. EEOC has a right to discovery on this and other issues. This is especially so since KBS explicitly **denies** in its Answer that:

> **¶13** The questionnaire, which KB Staffing required of all applicants seeking positions, contained numerous disability related questions.
>
> **¶21** Between at least 2011 through 2013, KB Staffing required all applicants for all positions to complete the medical questionnaire that Porter was required to complete as a condition of hire and/or placement with its employer-clients prior to any offer of employment.
>
> **¶22** KB Staffing represented that it changed its application process and instituted a post-offer medical questionnaire in 2013. However, in some instances after the date KB Staffing represented its application process changed, it required applicants for positions to complete a detailed medical questionnaire prior to any offer of employment.

D.E. #1; *see also* D.E. #39-1, Proposed Amended Complaint, ¶¶16, 24-31. KBS has otherwise objected to providing any relevant information sought by EEOC to rebut its denials. *See* D.E. #26, D.E. #27, D.E. #28, D.E. #32; *see also,* D.E. #1, ¶¶13, 21-22; D.E. #15, ¶¶13, 21-22; D.E. #38-12.

Based on the foregoing, KBS's assertion that "the EEOC will not be prejudiced by a stay of discovery, especially given that its only remaining claim against KB Staffing is for injunctive relief, and KB Staffing no longer uses the questionnaire at issue," D.E. #57, pp. 2-3, is simply incorrect.

### D. KBS Has Not Made a Specific Showing of Prejudice or Undue Burden.

While any discovery has some burden and cost, the issue on a motion for a stay of discovery is whether the moving party is prejudiced by the discovery burden or whether the expense of discovery is otherwise undue. *Morgan v. Western Heritage Ins. Co.*, No. 6:12-cv-514-Orl-19DAB, 2012 U.S. Dist. LEXIS 194456, at *5-6 (M.D. Fla. Oct. 17, 2012).

KBS's assertions are neither specific nor unusual. *See Rodrigues v. SCM I Invs.*, *LLC*, No. 2:15-cv-128-FtM-29CM, 2015 U.S. Dist. Lexis 101090, at *3 (M.D. Fla. Aug. 3, 2015) (denying motion for stay finding that the defendant's allegation that a stay pending the resolution of a motion to dismiss two of the Plaintiffs claims would "spare the parties the potentially unnecessary and wasteful expenditure of their limited time and resources" was neither specific nor unusual). EEOC's discovery requests in this case and its efforts to schedule two (2) depositions can hardly be characterized as unduly burdensome, expensive or prejudicial.

While KBS repeatedly invokes "small business" as a bar to discovery, it has not even attempted to support its characterizations of burden and expense with sworn estimates of the time or expense required to respond to EEOC's discovery requests. *See e.g., Centennial Bank,* 2016 WL 7423139, at *2 (M.D. Fla. Mar. 23, 2016) (finding Defendants' assertions that a stay was necessary to prevent incurring discovery costs "speculative and conclusory" and insufficient to support a stay); *FTC v. Nationwide Connections, Inc.*, No. 06-80180-CIV, 2007 WL 2462015, at *2 (S.D. Fla. Aug. 27, 2007) (rejecting assertions of burden and overbreadth when supported by declarations that had no explanation to how the company arrived at the alleged costs). Given that KB Staffing has failed to demonstrate any specific prejudice or burden in responding to discovery, it cannot show that a stay is warranted.

For these reasons, as those otherwise set forth herein, Defendant KB Staffing, LLC's Motion to Temporarily Stay Discovery Pending the Court's Ruling on its Motion for Summary Judgment should be denied.

Respectfully submitted,

*/s/* Kimberly A. Cruz
KIMBERLY A. CRUZ
Trial Attorney (Fla. Bar No. 0153729)
Equal Employment Opportunity Commission
Miami Tower
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Tel: (305) 808-1790
Fax: (305) 808-1835
kimberly.cruz@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record, including Counsel for Defendant KB Staffing, LLC:

**William E. Grob**
william.grob@ogletreedeakins.com
**Gretchen M. Lehman**
gretchen.lehman@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Tel: (813) 289-1247
Fax: (813) 289-6530

*/s/* Kimberly A. Cruz
KIMBERLY A. CRUZ
Trial Attorney (Fla. Bar No. 0153729)