# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) Civil Action No. ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| KB STAFFING, LLC | ) ) |
| Defendant. | ) ) ) |

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. ("ADA")*,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant KB Staffing, LLC ("KB Staffing" or "Defendant") violated the ADA, as amended, by making health inquiries of applicants for employment in a manner inconsistent with and in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. KB Staffing is a staffing company with its principal place of business in Winter Haven, Florida. At all relevant times, KB Staffing has continuously done business in Florida, and has continuously had at least fifteen employees.

5. At all relevant times, KB Staffing has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

6. At all relevant times, KB Staffing has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty days prior to the institution of this lawsuit, on December 13, 2012, Rose-Marie Porter filed a charge of discrimination with the Commission alleging violations of ADA.

8. On July 9, 2015, after an investigation, the Commission issued to KB Staffing a Letter of Determination finding reasonable cause to believe that KB Staffing's policy of requiring applicants to submit to medical inquiries by completing health questionnaires prior to receiving an offer of employment violated the ADA.

9. Prior to institution of this lawsuit, the Commission attempted to eliminate the unlawful employment practices alleged below through informal methods of conciliation, conference, and persuasion.

    a. The Letter of Determination issused on July 9, 2015, invited Defendant to engage in informal conciliation efforts to eliminate the practices the Commission found unlawful.

    b. On October 20, 2015, the EEOC determined that it was unable to obtain an agreement acceptable to the Commission by informal methods of conciliation, conference, and persuasion, and concluded those efforts.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. KB Staffing, KB Staffing, LLC, is based in Winter Haven, Florida and offers employment staffing services throughout Central Florida.

12. KB Staffing employs varying amounts of employees at any given time, up to 250.

13. Charging Party, Rose-Marie Porter ("Porter"), sought a human resources position that was listed through KB Staffing on August 31, 2012.

14. Porter called KB Staffing and was told that she would need to come into the office in order to apply for the position.

15. When Porter reported to the KB Staffing office on August 31, 2012, to apply, she was handed a paper application package that included a detailed medical questionnaire.

16. The questionnaire, which KB Staffing required of all applicants seeking positions, contained numerous disability related questions.

17. Porter refused to complete the questionnaire because she believed the questions violated the law and left it blank.

18. At the time Porter submitted her mostly completed employment application, she had not received an offer of employment.

19. A KB Staffing employee wrote on the application that Porter "refused to answer" and was told that, although she could not speak to the owner at the moment, she would be receiving a call for an interview.

20. Porter never received a call for an interview and was not otherwise hired or placed by KB Staffing.

21. About two weeks later, Porter called KB Staffing to request the status of her application for the human resources position.

22. On September 14, 2012, Porter received a phone message from Kelly Braaten, the owner of KB Staffing, stating there were no positions available and that there had never been any human resource position available.

23. Porter filed a charge of discrimination on December 13, 2012.

24. Between at least 2011 through 2013, KB Staffing required all applicants for all positions to complete the medical questionnaire that Porter was required to complete as a condition of hire and/or placement with its employer-clients prior to any offer of employment.

25. KB Staffing represented that it changed its application process and instituted a post-offer medical questionnaire in 2013. However, in some instances after the date KB Staffing represented its application process changed, it required applicants for positions to complete a detailed medical questionnaire prior to any offer of employment.

26. During the Commission's investigation, KB Staffing informed the Commission that it did not maintain the applications and medical questionnaires of the applicants that it did not place for employment.

27. The health questionnaire asked applicants invasive questions regarding their medical history and medical conditions. The questionnaire requested specific information on 20 different conditions including, epilepsy, cardiac, diabetes, cerebral palsy, Marie Strumpell disease, herniated intervertebral disc, arthritis, back surgery, stiff joints, amputations, polio, multiple sclerosis, vascular disorder, loss of vision, allergies, hemophilia, osteomyelitis, muscular dystrophy, hypoglycemia, and thrombophlebitis.

28. The questionnaire also included wide-ranging general questions about medical treatment and conditions, including asking whether the applicants:

5

      a. Had "psychiatric treatment" or "psychiatric evaluation;"

      b. Had "ever received treatment for a back, neck, or knee condition, or head injury;"

      c. "Now suffer[s] or have you ever suffered from aches or back pains;"

      d. "Ever had surgery;"

      e. "Now or have you ever had any physical disabilities, impairments or handicaps;"

      f. "Ever had a worker's compensation injury;" and

      g. "Ever received a disability rating for any reason."

29. These questions were posed to applicants without any time limitations or restrictions that would related the questions to the work to be performed.

30. When applicants answered yes to any of these questions, applicants were required to provide an explanation of the response.

31. Applicants felt obligated to complete the questionnaire and disclose their private, sensitive medical information in order to be considered for employment by KB Staffing.

32. In response to the questionnaire, KB Staffing applicants disclosed private medical conditions, including but not limited to:

      a. allergies;

      b. Surgeries that were over 10 years ago or completed during childhood such as appendix removal and tonsillectomy;

6

    c. Mental health conditions, including PTSD, depression, and anxiety treatment;

    d. Breast reduction surgery, testicular removal, hysterectomy, and C-sections during childbirth; and

    e. Back strain and other back issues.

33. The required disclosure of this private sensitive information caused applicants to feel uncomfortable, embarassed, and otherwise distressed.

34. EEOC and those individuals subjected to KB Staffing's unlawful practices in connection with its obtaining medical information from applicants for employment have suffered damages.

## STATEMENT OF CLAIMS

35. Paragraphs 1 through 34 are incorporated herein.

36. Between at least 2011 and 2013, KB Staffing violated the Americans with Disabilities Act by making unlawful pre-employment inquiries in violation of 42 U.S.C. § 12112(d).

37. Since 2013, KB Staffing has violated the Americans with Disabilities Act by making unlawful pre-employment inquiries in violation of 42 U.S.C. § 12112(d) in at least some instances.

38. The effect of the practices complained of in paragraphs 11 through 34 above has been to deprive individuals of their rights secured by the ADA.

39. The unlawful employment practices complained of in paragraphs 11 through 34 were intentionally done with malice and/or reckless indifference to federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination, including but not limited to subjecting job applicants to illegal pre-offer medical inquiries and refusal to hire applicants based on information unlawfully obtained through pre-offer inquiries and any additional employment practice which discriminates on the basis of disability or information obtained through unlawful medical inquiries;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled applicants;

C. Order Defendant to make whole the applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial;

D. Order Defendants to make whole the applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial;

E. Order Defendant to pay applicants subjected to unlawful practices in connection with Defendant's unlawful conduct regarding its obtaining medical information by punitive damages for the malicious and reckless conduct described in above, in amounts to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated:  August 10, 2017

>Respectfully submitted,
>
>JAMES L. LEE
>Acting General Counsel
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>U.S. Equal Employment
>Opportunity Commission
>131 M Street, N.E.
>Washington, D.C. 20507
>
>ROBERT WEISBERG
>Regional Attorney
>
>*s/ Kimberly A. Cruz*
>KIMBERLY A. CRUZ
>Supervisory Trial Attorney

TRIAL COUNSEL<br>
Trial Attorney<br>
FL Bar No. 0153729<br>
U.S. Equal Employment<br>
Opportunity Commission<br>
Miami District Office<br>
100 S.E. 2nd Street, Suite 1500<br>
Miami, Florida 33131<br>
Tel: 305-808-1790<br>
Fax: 305-808-1835

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record, including Counsel for Defendant KB Staffing, LLC:

**William E. Grob**
william.grob@ogletreedeakins.com
**Gretchen M. Lehman**
gretchen.lehman@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Tel: (813) 289-1247
Fax: (813) 289-6530

<u>/s/ Kimberly A. Cruz</u><br>
KIMBERLY A. CRUZ<br>
Fla. Bar No. 0153729